CASE 79—ACTION FOR INJURY—OCTOBER 28.

104 603
112 923

# Reed v. L. & N. R. R. Co.

APPEAL FROM CLARK CIRCUIT COURT.

1. NEGLIGENCE—FAILURE TO CARE FOR INJURED PASSENGER.—Where a passenger on a railroad train is thrown from the car without the negligence of those in charge of the train and thereby rendered helpless, it is the duty of the carrier to render to him such assistance as it can give without endangering the safety of other passengers or property committed to its care.

2. SAME—PLEADING.—In such a case the petition is fatally defective unless it allege that the train could have been stopped and the time taken to rescue the plaintiff without running the risk of collision with other trains, or that there were means at hand by which the men in charge of the train could have procured others to go to the assistance of the plaintiff.

J. M. BENTON AND L. H. BUSH FOR APPELLANT. (BECKNER & JOUETT AND S. A. JEFFRIES; OF COUNSEL.)

It is the duty of a carrier of passengers to protect and care for a passenger who, without fault on the part of the carrier, receives injuries of such a serious nature as to render him unable to protect or care for himself. 2 Am. & Eng. Enc. of Law, 745; Hutchinson on Carriers, 596; Louisville, &c., R. R. Co. v. Sullivan, 81 Ky., 624; Isabel v. N. Y. v. N. H. R. R. Co., 77 Conn., 393; C., H. & D. R. R. Co. v. Kassen, 49 O. St., 230.

BRECKINRIDGE & SHELBY FOR APPELLEE.

1. Whatever the moral duty may be, a carrier does not owe to a passenger injured without its fault the duty of protection. Hutchinson on Carriers, sec. 561a; State v. Railway Co., 58 Mo., 176; C., H. & D. R. R. Co. v. Kassen, 49 O. St., 230; Henderson v. L. & N. R. R. Co., 20 Fed. R., 430; Same case affirmed, 123 U. S., 61.

2. If the carrier owes to an injured passenger the duty of protection in any case, the petition in this case was defective in fail-

ing to allege that the duty could have been performed consistently with the paramount obligations of the company.

BECKNER & JOUETT AND BENTON & BUSH' FOR APPELLEE IN A PETITION FOR A REHEARING.

1. The fact whether a passenger train could have been stopped to enable its crew to rescue a passenger who had fallen from the train and was in a position of peril, without incurring risk of collision with other trains and endangering the safety of other passengers, is a fact that was peculiarly within the knowledge of the railway company, and one that can not be presumed to have been known to the passenger who had fallen and who received injuries by reason of the failure of the crew to stop the train and rescue him.

2. A plaintiff is not required to anticipate a defense, and state facts in his petition which are not presumed to be known to him, but are peculiarly within the knowledge of the defendant, and which should for that reason more properly come from the defendant. 1 Chitty, 14 Am. Ed., p. 222; Stephen on Pleading, p. 314; Bliss on Code Pleading, sec. 200; Bates' Pleadings, Parties and Forms, 120; Newman on Pleading, p. 278; Louisville & Portland Canal Co. v. Murphy's Admr., 9 Bush, 522; Bently v. Bustard, 16 B. M., 643; McCallister v. Bridges, 15 Ky. Law Rep., 92.

BRECKINRIDGE & SHELBY FOR APPELLEE, IN RESPONSE TO PETITION FOR REHEARING.

Where the matter is such that its affirmation or denial is essential or apparent on the *prima facie* right of the party pleading, there it ought to be affirmed or denied by him in the first instance, though it may be such as would otherwise properly form the subject of objection on the other side. Stephens on Pleading, p. 352.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

The facts upon which appellant seeks to recover damages from appellee in this action, as stated in his original and amended petitions, are that he was a passenger on one of appellee's trains from Winchester to Elkin, and that at a point between those places, while the train was moving rapidly and passing over a high trestle, he was

thrown or pushed from the train, so that he fell a distance of from forty to fifty feet; that he received the fall after dark, and that the defendant, through its employes in charge of the train, knew he had received the fall, and that he was either killed or had received such serious personal injuries as to render him helpless, but negligently failed to stop the train, and care for him, or procure others to do so; and that, by reason of such negligence, he was compelled to, and did, lie where he had fallen, until seven o'clock the next day; that the place was about a mile from any dwelling house or habitation or highway, and not in sight of any highway or dwelling house or habitation; that these facts were known to defendant's agents in charge of the train; and that, as a result of the fall, he suffered serious injuries, and that a cold rain fell upon him where he lay exposed. Defendant filed a general demurrer to the petition as amended, which was sustained, and the petition was dismissed; and this appeal is taken from that judgment.

Two legal questions are presented: First, is a railroad company under legal obligation to stop its train, and rescue a passenger who has been thrown or pushed therefrom without any fault on its part, under circumstances where, unless rescued, he is liable to perish or suffer great injury? And, second, does the petition in this case allege such a state of fact as made it the legal duty of defendant to have done so in this instance? The precise question presented here is a novel one, and our attention has not been directed to a case in which it has been considered or passed upon. From the time the relation of carrier and passenger commences, the passenger is necessarily, in a large degree, under the protection of the carrier, and it is bound to exercise the strictest vigilance in seeing after his safety. It

has been held that if a passenger falls from a train, with the knowledge of the persons in charge thereof, and is left in a position of peril, where he is liable to be killed or injured by another train, it is the duty of those in charge of the train from which he fell to notify the crews of other trains, so that they can avoid injuring him; and if they fail to give such notice, and the person is injured by another train, the employer of the crew of the train from which he fell is responsible. And it seems to us that it is not asking too much of a railroad company to require that it shall render such assistance to a passenger who has been rendered helpless by a fall from one of its trains as it can give without endangering the safety of other passengers or property committed to its care. But, on the other hand, it is the settled rule that, when a railroad company undertakes to transport persons by the powerful and dangerous agency of steam, public policy and safety alike require that it shall be held to the exercise of the highest possible degree of care, diligence, vigilance, and skill in the conduct and management of its trains in every particular, with a view to the safety of its passengers; and for the slightest negligence or carelessness in these respects the carrier is liable. See Beach, Contributory Negligence, section 144. Its trains necessarily run on fixed schedules of time, and, as a general rule, it is necessary, for the safety of railroad travel, that these schedules should be scrupulously adhered to; and unless appellee could have stopped its train in this instance long enough to have rescued appellant without endangering the safety of its other passengers by collisions arising from such stoppage, or otherwise, it was under no legal obligation to do so. The petition in this case does not allege that the train could have been stopped, and the time taken to

rescue appellant, without running the risks of collision with other trains; nor is it alleged that there were any means by which the men in charge of the train could have procured others to go to the assistance of appellant; and, as the burden is upon appellant to allege and prove these necessary facts, the demurrer was properly sustained. Wherefore the judgment is affirmed.

On December 15, 1898, response to the petition for a rehearing was delivered by Judge Burnam:

The rule that a plaintiff is not required to allege matters which are peculiarly within the knowledge of a defendant has no application "where the matter is such that its affirmation is essential to the apparent or *prima facie* right of recovery of the party pleading. There it ought to be affirmed or denied by him in the first instance, though it may be such as would otherwise properly form the subject of objection on the other side." See Steph. Pl., p. 252. The defendant's paramount duty was to transport its passengers safely, and to avoid the possibility of accidents from collisions with other trains. The obligation on it to stop its train to rescue a passenger who, without fault on its part, had fallen from the train, was wholly subordinate to its obligation to others; and, before appellant could rightfully complain that appellee's failure to assist him was negligence, he must allege facts which made it the legal duty of appellee to have rendered such assistance; and, without allegations showing that under the conditions which obtained appellee could have safely rendered such assistance, no *prima facie* case is made out. The court can not assume that a train can be stopped at any but regular stations without incurring danger to the passengers thereon, which it is the supreme duty of those in

charge thereof to avoid. The burden of alleging and proving that such conditions existed is essential to the right of recovery in an action of this character.