Louisville & Nashville R. R. Co. v. Commonwealth.

CASE 16—INDICTMENT FOR UNJUST DISCRIMINATION—DEC. 15.

# Louisville & Nashville R. R. Co. v. Commonwealth.

APPEAL FROM MARION CIRCUIT COURT.

105   179
e108  639
e108  661

105  179
e112  84

1. CONSTITUTIONAL LAW—SELF-EXECUTING PROVISIONS—SECTIONS 215, 217.—Section 215 of the State Constitution providing that "all railways, transfers, belt lines or railway bridge companies shall receive, load, unload, transport, haul, deliver and handle freight of the same classes for all persons, associations or corporations from and to the same points and upon the same conditions, in the same manner and for the same charges, and for the same method of payment," and section 217 prescribing a penalty for the violation of Sec. 215 constitute a final and self-executing enactment; and Secs. 817 and 818 of the Kentucky Statutes upon the same subject in so far as they conflict with these sections of the Constitution are void.

2. INDICTMENT—SUFFICIENCY OF.—An indictment for unjust discrimination under Sec. 2172 is not good unless it allege that the offense charged was knowingly and wilfully committed.

3. SAME.—Such an indictment must state either affirmatively that the freight in question for which the defendant company is charged with having charged different owners or shippers different amounts of compensation, was of the same class or kind, or, negatively, was not of different classes or kinds.

Louisville & Nashville R. R. Co. v. Commonwealth.

WILLIAM LINDSAY, AND WALKER D. HINES, FOR APPELLANT. (H. W. BRUCE AND J. W. ALCORN, OF COUNSEL.)

1 The sections of the statutes on which the indictment is based are unconstitutional, as they relate solely to railroad corporations, and because that statute assumed regulation of the subject completely regulated by the Constitution itself, and on these grounds the demurrer to the indictment should have been sustained.

2. The indictment is fatally defective even if the statute be valid, and the demurrer to the same should have been sustained.

3. The trial court committed various errors to the prejudice of the appellant, most of them arising from the court's erroneous construction of the statute, which construction is unwarranted by the language of the statute, inconsistent with the Constitution, contrary to the authorities, and prevents a discrimination which is eminently just and beneficial and which can not possibly prejudice any person or any interest.

Citations: Constitution of Kentucky, Secs. 196, 215, 217, 218; Kentucky Statutes, Secs. 817, 818, 819, 2244, 2247; Cooley on Constitutional Limitations (5th ed.) p. 78; Commonwealth v. Williams, 79 Ky., 42; Perkins v. The Auditor, 79 Ky., 306; U. P. Ry. Co. v. U. S., 117 U. S., 355; Interstate Commerce Commission, v. B. & O. R. R. Co., 43 Fed. R., 37; 1 Acts 1889-90, p. 25; C. & A. R. R. Co. v. People, 44 Neb., 320; s. c. 62 N. W. R., 506; U. P. Ry. Co. v. Goodridge, 149 U. S., 680; Scofield v. Railway, 43 O. St., 571; Sanford v. Railroad, 24 Penn. St., 378; Messenger v. Penn. R. R., 7 Vroom (36 N. J. L.), 407; McDuffie v. Portland, &c., R. R., 52 N. H., 430; Goodridge, et al., v. U. P. Ry. Co.. 37 Fed. Rep., 182; A. T. & S. F. R. R. Co. v. D. & N. O. R. R., 110 U. S., 667; Interstate Commerce Commission v. B. & O. R. R., 145 U. S., 263; T. & P. Ry. Co. v. Interstate Commerce Commission, 162 U. S., 197; Interstate Commerce Commission v. L. & N. R. R. Co., 73 Fed. R., 409; Hays v. Penn. R. R. Co., 12 Fed. Rep., 309; Hoover v. Penn. R. R. Co., 156 Penn. St., 220; s. c. 27 Atl. Rep., 282; Risner v. Commonwealth, 95 Ky., 537.

SAME COUNSEL IN A SUPPLEMENTAL BRIEF FOR APPELLANT.

Additional citation: Interstate Commerce Commission v. Alabama Midland Ry. Co., 168 U. S., 144.

Louisville & Nashville R. R. Co. v. Commonwealth.

J. W. ALCORN, ALSO FOR APPELLEE.   (H. W. BRUCE, WM. LIND-
SAY, E. W. HINES, WALKER D. HINES, OF COUNSEL.)

1. Sections 816 and 819, Kentucky Statutes, under which the indict-
ment in this case is prosecuted, is in conflict with, and violative
of Sec. 1 of Article XIV. of the Constitution of the United
States, in that it seeks to deny to railroad corporations, as con-
tradistinguished from other common carriers, the equal protec-
tion of the laws.  Santa Clara Co. v. S. P. R. R. Co., 118 U. S., 396;
Schoolcrafts' Admr. v. L. & N. R. R. Co., 92 Ky., 233; Cooley
Constitutional Limitations, 483, 484.

2. Sections 816 and 819 of Kentucky Statutes are in conflict with
and violative of sections 27 and 28 of the Constitution of Ken-
tucky and are void in that they seek to confer upon the judicial
department powers which properly belong to the legislative de-
partment.  That the power to regulate freights is legislative;
C. B. & Q. R. R. Co. v. Cutts, 94 U. S., 94; Lawrence v. Paul, 94
U. S., 97; Reegan v. Trust Co. 154 U. S., 362; Dow v. Biedelman,
125 U. S., 680; Budd v. New York, 143 U. S., 517.

3. Sections 816 and 819 are violative of Sec. 19 of Constitution of
Kentucky and are therefore void in that they are, in effect, *ex
post facto*.  Tozen v. United States, 52 Fed. Rep., 917; *ex parte*
Jackson, 45 Ark., 158; L. & N. R. R. Co. v. R. R. Com. Tennes-
see, 16 A. & E. R. R. Cases, 15; McConville v. Mayor, &c., 10
Vroom, 38; Myers Supplement, p. 742.

4. The charter of the Louisville & Nashville R. R. Co. con-
stituted a contract with the State of Kentucky whereby it is
authorized to charge not less than three cents per bushel for
thirty miles, and at no rate which will not yield a profit on its
transportation.  Charter of Louisville & Nashville R. R. Co., ap-
proved March 5, 1850; Section 20, Charter of Lexington & Frank-
fort R R. Co., approved Feb. 28, 1848.  The principles decided in
Commonwealth v. Covington & Cincinnati Bridge Co., 14 Ky.
Law Rep., 836, are not applicable to this case.  Stone v. Trust
Co., 116 U. S., 307.

5. The court erred in allowing any testimony as to the rates on
other railroads to go to the jury.  R. R. Co. v. Osborne, 52 Fed.
Rep., 912.

6. The court should have sustained defendant's motion to instruct
the jury peremptorily to find the defendant not guilty.

H. W. RIVES, FOR APPELLEE. (Brief not on the record.)

WM. LINDSAY, WALKER D. HINES, FOR APPELLANT, IN A PETI-
TION FOR A MODIFICATION OF THE OPINION. (H. W. BRUCE,
J. W. ALCORN AND E. W. HINES, OF COUNSEL.)

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant was indicted for the offense of unjust discrim-
ination, alleged to have been committed as follows: "The
said Louisville & Nashville Railroad Company    *    *    *
did unlawfully, after having received from the Lebanon
Roller-Mills Company the same rate of compensation for
the transportation of coal to Lebanon, Ky., that the said
defendant had charged, demanded, and collected from J. M.
Shreve for the contemporaneous transportation of coal
of a like amount, for the same distance, over the same line,
in the same direction, refund and pay to the said Lebanon
Roller-Mills Company a portion of the amount so received
from it for said transportation, to wit, the sum of $11.88,
as a rebate, and failed and refused to refund or pay back
to the said J. M. Shreve any portion of the amounts so
demanded and collected from him for the transportation
of coal as aforesaid, thereby charging, demanding, collect-
ing, and receiving from the said Lebanon Roller-Mills
Company a less compensation for services rendered in the
transportation of coal to Lebanon, Ky., than was demand-
ed, collected, and received for a like and contemporaneous
service in the transportation of a like traffic, contrary to
the form of the statute in such cases made and provided,"
etc.

The indictment was found under section 817, Ky. Stat.,
as follows: "If any corporation engaged in operating a
railroad in this State shall directly or indirectly by any
special rate, rebate, drawback or other device, charge,

demand, collect or receive from any person a greater or less compensation for any service rendered in the transportation of passengers or property than it charges, demands, collects or receives from any other person for doing for him a like and contemporaneous service in the transportation of like kind of traffic, it shall be deemed guilty of unjust discrimination." The penalty for the offense, as prescribed in section 819, is a fine, for the first offense, of not less than $500 nor more than $1,000; for the second offense, not less than $500 nor more than $2,000; and for the third offense, not less than $2,000 nor more than $5,000.

A demurrer to the indictment was filed, consideration of which requires reference to section 215 of the Constitution, to effectuate which seems to be the object of section 817, Ky. Stat. Section 215 provides: "All railway, transfer, belt lines, or railway bridge companies shall receive, load, unload, transport, haul, deliver and handle freight of the same class for all persons, associations or corporations from and to the same points and upon the same conditions in the same manner and for the same charges and for the same method of payment." By section 217 of the Constitution it is provided that, for willfully or knowingly violating any provision of section 215, the penalty, upon conviction by a court of competent jurisdiction, shall be, for the first offense, a fine of $2,000; for the second offense, a fine of $5,000; and, for the third offense, a forfeiture, *ipso facto*, of franchise privileges and charter rights. It is further provided that the Attorney General shall forthwith, upon notice of violation of section 215, institute proceedings to enforce the provision of it. It will be observed that every duty or requirement, violation of which section 817, Ky. Stat., denominates unjust discrim-

ination, and made punishable by section 819, Id., is, if not specifically, substantially and fully enjoined upon railroad companies by section 215 of the Constitution; for every device specified in section 817 by which a railroad company may charge or receive a greater or less compensation for transportation of property from one person than from another is a violation of section 215, and, operating in connection with section 217 of the Constitution, it is final and self-executing. It is therefore manifest that, so far as sections 817 and 818 conflict with sections 215 and 218, they are void, and, so far as the indictment in this case lacks any statement of fact necessary to constitute a complete offense under the two sections of the Constitution, it is defective.

1. The offense of unjust discrimination can not, according to section 217, be punished, unless it. is knowingly or willfully committed. Consequently, omission of the indictment to charge that it was so committed is a fatal defect.

2. A railroad company is required by section 215 to charge the same amount of compensation for transporting, from and to the same points, freight of the same class or kind, not freight of different classes or kinds. And, to make a good indictment for violating that section, it should be stated, either affirmatively, that the freight in question, for which the defendant company is alleged to have charged different owners or shippers different amounts of compensation, was of the same class or kind, or, negatively, was not of different classes or kinds. But that averment was omitted, though manifestly material; for that it is allowable and proper for a railroad company to classify freight according to its quality or character and marketable value, and discriminate in charges for

carrying different classes or kinds, is not only universally recognized, but plainly authorized by section 215.

3. There can not be a violation of that section unless different charges be made for transporting freight of the same class from and to the same points and upon the same conditions.

For the reasons mentioned, the judgment is reversed, and the case remanded, that demurrer to the indictment may be sustained.