# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## D. S. COOK & SON MINING CO. v. THOMPSON.

November 18, 1909.

Absent, Buchanan, J.

1. CORPORATIONS—*Foreign Corporations—What Constitutes—Resident Agent—Attachments.*—A corporation chartered and organized under the laws of another State, and holding no charter from this State, is a foreign corporation, although it has an agent, appointed under the requirements of the statute of this State, upon whom process may be served; and the fact that it is such foreign corporation is all that is required by section 2959 of the Code to justify the issuing of an attachment against its property.

2. PLEADING—*Declaration—Sufficiency.*—A declaration is sufficient which sets out with fullness and clearness every essential fact necessary to apprise the defendant of the nature of the demand against him, and to enable the court to say, upon demurrer whether, if the facts stated are proved, the plaintiff is entitled to recover.

3. WITNESSES—*Opinions—Custom of Business—Location of Dynamite Thawer.*—Where the negligence charged against a mining company is that it placed its dynamite thawer in dangerous proximity to its employees, a witness who is experienced in such matters may be asked by the plaintiff what distance it was customary for miners to place their dynamite thawer from the men at work. If he answers "a safe distance," he may be asked further to explain what he means by "a safe distance," as the answer stating the distance is not the expression of an opinion by the witness, but a statement of what the customary distance was.

4. WITNESSES—*Contradiction—Location of Dynamite Thawer.*—Defendant having introduced evidence tending to show that there was no other suitable place at which its dynamite thawer could have been placed than near the men at work, it was clearly competent for the plaintiff to contradict that evidence by testimony showing that there was a suitable place out of reach of the men at work.

5. Appeal and Error—*Instructions—Harmless Error.*—A case will not be reversed for rulings on instructions where it appears that the jury were fully instructed on every phase of the case, and it does not appear that the jury could have been misled, or that the losing party was in any way prejudiced by them.

6. Appeal and Error—*Verdicts—Evidence to Support.*—The verdict of a jury will not be set aside on writ of error where the evidence tends to support their finding.

Error to a judgment of the Circuit Court of Botetourt county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Benjamin Haden,* for the plaintiff in error.

*C. M. Lunsford* and *Wm. R. Allen,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

Caliph Thompson, an infant, suing by his father as next friend, brought this action to recover of the plaintiff in error damages for injuries suffered by him, which it is alleged were occasioned the plaintiff by the negligence of the defendant company.

There was a verdict for $1,500.00 in favor of the plaintiff, which the circuit court refused to set aside, and we are asked to review the judgment rendered upon that verdict.

The defendant company was a New Jersey corporation, doing business in Virginia, and upon the institution of this suit a foreign attachment was issued and levied upon its real estate in the county of Botetourt. The motion of the defendant company to quash this attachment was overruled, and this action of the court is made the subject of complaint.

All that is required under section 2959 of the Code for the issuing of an attachment is to show that the defendant is a foreign corporation, and it is not denied that this corporation

was chartered and organized under the laws of the State of New Jersey, and has no charter from the State of Virginia.

In the case of *Cowardin* v. *Universal Life Ins. Co.*, 32 Gratt. 445, this court said: "Nothing is better established by all the cases and text-writers on the subject of corporations, than that a corporation can have no legal existence outside of the boundaries of the sovereignty by which it was created. While it may, by its agents, transact business anywhere, unless prohibited by its charter or prevented by local laws, it can have no residence or citizenship except where it is located by or under the authority of its charter."

That was the case of an insurance company, and the statute required every such foreign company doing business in this State to appoint an agent upon whom process might be served in any action brought against it. The provisions of sections 1103 and 1104 of the Code have extended the same requirement to other corporations.

There is no merit in the objection taken to the action of the court in overruling the demurrer to the amended declaration.

The case at bar is similar in essential details to the case of *Lane Bros. Company* v. *Seakford*, 106 Va. 93, 55 S. E. 556; and the amended declaration in this case is practically a copy of the amended declaration in that case, which this court has considered and held to be sufficient.

It is not necessary to recite with more detail the averments of the declaration in the case at bar. It sets out with fullness and clearness every essential fact necessary to apprise the defendant of the nature of the demand against it, and to enable the court to say, upon demurrer whether, if the facts stated are proved, the plaintiff would be entitled to recover. *Hortenstine* v. *Va.-Carolina Ry. Co.*, 102 Va. 914, 47 S. E. 996.

It is further contended that the court erred in permitting the witness, Edward Dillon, to testify that it was customary, in mining operations, to keep a dynamite thawer a safe distance

from the men at work, and that a safe distance would be 200 feet.

One of the chief grounds of negligence relied on is that the defendant placed it dynamite thawer in dangerous proximity to its employees. The witness, Dillon, was experienced in such matters, and was called upon to state the general custom of persons in the business, as to the distance a dynamite thawer was placed from the point where the men were at work. He answered: "It is customary to keep the thawer a safe distance from the working men." When asked to explain what he meant by a safe distance, he replied: "I should say 200 feet."

The questions and answers of the witness on that subject related solely to what the custom was among people engaged in the business. He was not asked what he regarded as a safe distance, but to explain what he meant by the use of the term, so as to get before the jury an intelligent understanding of what the customary distance was at which these thawers were placed from the men at work. The defendant asked for an instruction, which was given, telling the jury that "the unbending test of negligence in methods of machinery and appliances is the ordinary usage of the business." In the light of the rule here invoked, the testimony objected to was proper. *Bertha Zinc Co.* v. *Martin,* 93 Va. 807, 22 S. E. 869, 70 L. R. A. 999.

J. W. Eggleston, a witness for the plaintiff, was asked: "Is there any place on the company's land where this thawer could have been placed that would have been out of reach of the people's place of work"; to which he replied: "Yes, sir." Allowing this question to be asked, and the answer to go to the jury, is assigned as error.

This objection is without merit. The petition admits that the tract of land in question was several miles long and that a thawer could have been placed on it out of the reach of persons at work. This being so, there was no objection to showing that fact to the jury. It was competent for the defendant to show that such places were not near enough to the works,

and it cannot complain that the plaintiff did not question the witness on that subject. The defendant had introduced evidence tending to show that there was no other suitable place at which the thawer could have been placed, and it was clearly competent for the plaintiff to contradict that evidence with the testimony of the witness, J. W. Eggleston.

The action of the court in giving and refusing instructions is assigned as error.

The court gave eight instructions for the plaintiff and eleven for the defendant. It is useless to discuss in detail the several objections taken to these instructions. They were liberal to the defendant, and, taken as a whole, in connection with the pleadings and the evidence, they fairly cover every possible phase of the case, and it does not appear that the jury could have been misled, or that the defendant was in any way prejudiced by them.

It is finally urged that the court erred in refusing to set aside the verdict, because it was contrary to the law and the evidence.

The plaintiff introduced evidence to show that the injuries he had suffered were the result of the negligence of the defendant company in two particulars: First, in placing its dynamite thawer so near the train track and tunnel of the mine as to endanger the lives of those who had to work there, thus rendering the place unsafe and dangerous; second, in putting the dynamite thawer in charge of an unusually ignorant boy, only fourteen years of age, without experience in or knowledge of the use, nature and dangers incident to the handling of dynamite.

The evidence tends to establish the negligence of the defendant in both of these particulars, and upon well settled principles the verdict based upon that evidence cannot be disturbed.

For these reasons, the judgment complained of must be affirmed.

*Affirmed.*