JACKSON v. VIRGINIA HOT SPRINGS CO.

(District Court, W. D. Virginia. November 1, 1913.)

1. PLEADING (§ 41*)—DECLARATION—CONTENTS.

While it is not necessary and is improper for plaintiff in his declaration to anticipate and deny or avoid matter of defense, he must nevertheless allege all the facts essential to establish a prima facie case.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 96; Dec. Dig. § 41.*]

2. INNKEEPERS (§ 9*)—DUTY TO FURNISH LODGING—DEFENSES—EXHAUSTED ACCOMMODATIONS.

An innkeeper is absolutely bound to furnish lodging to a traveler in proper condition as to health and conduct and who is ready to pay the proper charge, only provided the innkeeper's accommodations are not exhausted when the application is made.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 10, 11; Dec. Dig. § 9.*]

3. INNKEEPERS (§ 9*)—ACCOMMODATIONS—REFUSAL TO FURNISH—ACTION FOR DAMAGES—DECLARATION—CONTENTS.

In an action against an innkeeper for refusal to furnish plaintiff accommodations, a declaration failing to allege that the innkeeper's accommodations at the time plaintiff applied for entertainment were not exhausted was demurrable.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 10, 11; Dec. Dig. § 9.*]

At Law. Action by W. W. Jackson against the Virginia Hot Springs Company. On demurrer to complaint. Sustained.

Coleman, Easley & Coleman, of Lynchburg, Va., for plaintiff.
Caskie & Caskie, of Lynchburg, Va., John W. Stephenson, of Warm Springs, Va., and J. T. McAllister, of Hot Springs, Va., for defendant.

McDOWELL, District Judge. This is an action of trespass on the case against an innkeeper, brought by a proposing guest who was refused accommodation. The original declaration was demurred to for several reasons, but it has become unnecessary to discuss any of the grounds of demurrer except the failure of the pleader to allege that the defendant at the time in question had room for the plaintiff.

[1] The general rule in common-law pleading is that it is not necessary to state matter which would come more properly from the other side. Heard's Stephen Pl. (9th Am. Ed.) p. 349. It is also not necessary and, as a rule, is improper, to anticipate and deny or avoid matter of defense. 31 Cyc. 109. But it is necessary to allege at least a prima facie case. Heard's Stephen Pl., p. 351 [352].

[2] The duty of the innkeeper to furnish lodging does not exist if his accommodations are exhausted. In 2 Chitty Pl. (16th Am. Ed.) p. 531, it is said:

"An innkeeper is bound by the custom of the realm to receive travelers and guests at all hours and times if they tender and are ready to pay the cus-

tomary charge, are in a fit and proper condition as to conduct and health, and if there is accommodation for them."

In Justice Harlan's dissent in the Civil Rights Cases, 109 U. S. 40, 3 Sup. Ct. 43, 27 L. Ed. 835, the following is quoted:

"An innkeeper is bound to take in all travelers and wayfaring persons, and to entertain them, if he can accommodate them, for a reasonable compensation. * * *" Story, Bailments, §§ 475, 476.

And again:

"In Rex v. Ivens, 7 Carr. & P. 213, 32 E. C. L. 495, the court, speaking by Mr. Justice Coleridge, said: 'An indictment lies against an innkeeper who refuses to receive a guest, he having at the time room in his house; and either the price of the guest's entertainment being tendered to him or such circumstances occurring as will dispense with that tender.'"

In 16 Am. & Eng. Ency. (2d Ed.) p. 525, it is said:

"If an innkeeper improperly refuses to receive and entertain any person coming to the inn as a guest, he is liable, in consequence of such unlawful act, to an action by the injured party for damages."

In 22 Cyc. 1074, it is said:

"An innkeeper, as one carrying on a public employment, is obliged to receive all travelers who properly apply to be admitted, provided he has room and they pay his reasonable charges."

And quotations of this same purport could be added almost indefinitely.

[3] The only forms for pleading in such cases that I know of are found in 2 Wharton's Precedents of Indictments, 911, and in Hawthorn v. Hammond, 1 Carrington & Kirwan, 404, 47 E. C. L. 403, which is cited by Chitty (2 Pl. [16th Am. Ed.] p. 533) as a precedent. In the indictment, as in the declaration in case, it is alleged that there was at the time sufficient room in the inn. As the duty to receive the guest does not exist unless there is room, I do not see that a prima facie cause of action is alleged unless the declaration contains an allegation that the defendant had room for the plaintiff. It is argued that the facts in this respect lie peculiarly within the knowledge of the innkeeper, and that therefore exhaustion of accommodation should be regarded as a matter of defense. This argument is making use of a mere (occasional) rule of evidence to overcome a rule of pleading. Prof. Thayer says that no one has a right to look to the law of evidence to determine the rules of pleading. Thayer's Prelim. Treatise on Evidence, p. 371. In 4 Wigmore, Ev. § 2486, p. 3525, it is said that the fact that one party has peculiar knowledge of certain facts affords no certain test for locating the burden of proof. And it is doubtful if we can properly say that the innkeeper has peculiar knowledge of the facts. In the vast majority of instances, if not always, the traveler knows whether or not want of room is the reason assigned by the innkeeper for refusing to receive him. And if so there is no ground for complaint unless the traveler knows, or afterwards learns, that this reason was untruthfully assigned. If he knows this at the time, or afterwards learns it, the innkeeper does not have peculiar knowledge of the facts. And it imposes no undue hardship on the traveler to re-

quire that he ascertain before he sues that the innkeeper did have room for him. The obligations of innkeepers are exacting and often onerous. That they should be subject to suit and put to the cost of making defense of want of room at the instance of a traveler who has not even made inquiry as to the truth of a refusal on the ground of want of room is an undue burden. As the mere refusal to receive a traveler, in proper condition as to health and conduct and who is ready to pay the proper charge, is not a breach of the innkeeper's duty, it follows that a declaration which fails to allege that the innkeeper had room for the plaintiff does not state a prima facie cause of action. It is true that it is alleged that defendant "unlawfully" refused to receive the plaintiff. But this is a statement of a mere conclusion of law. It is not a statement of fact. While it is true (Wood v. Bank, 100 Va. 306, 311, 40 S. E. 931) that it is only necessary to state the facts with such certainty that they may be understood by the defendant, the jury, and the court, still conclusions of law cannot replace necessary allegations of fact.

This ground of demurrer must be held good as to this count, and also as to all the remaining counts of the declaration.

After the demurrer had been sustained, the plaintiff filed an amended declaration. The other objections were cured; but, in order to have a ruling from the appellate court on the necessity of alleging that the defendant had room for such guest, plaintiff has intentionally failed to allege in this count that the defendant had room for the plaintiff. No further argument has been submitted, no further authority has been cited, and consequently I adhere to the former opinion filed in this cause. The rule that matter lying peculiarly within the knowledge of the adverse party need not be alleged gives way to the requirement that the declaration must allege a prima facie case. Stephen's Pl. (Heard) (9th Am. Ed.) p. 351 [352]; 1 Chitty, Pl. (16th Am. Ed.) top p. 245, bottom p. 317; 39 Cyc. 110; Reed v. Railroad Co., 104 Ky. 603, 47 S. W. 591, 48 S. W. 416, 44 L. R. A. 823. In Hortenstein v. Railroad Co., 102 Va. 914, 926, 47 S. E. 996, 1000, it is said:

"In actions for a tort the declaration must state sufficient facts to enable the court to say, upon demurrer, whether, if the facts stated are proved, the plaintiff would be entitled to recover."

To the same effect, see Railroad Co. v. Hoffman, 109 Va. 44, 63, 63 S. E. 432; Railroad Co. v. Nicolopoolos, 109 Va. 165, 168, 63 S. E. 443; Cook v. Thompson, 110 Va. 369, 371, 66 S. E. 79. If every fact alleged in this declaration were proved, still the court could not say that plaintiff would be entitled to recover—the defendant may have had no room for plaintiff. It may possibly be considered that there is a technical right of action set up in this count (as well as in some of the remaining counts) on the ground that it is an actionable wrong for an innkeeper, who has no room for a proposing guest, to "insultingly" decline to receive such guest. To my mind such right of action is not well pleaded; but, even if it were, I feel so well satisfied that this rather trifling cause of action is not what is really intended to be set up, that I would not feel justified in overruling the demurrer, and thus forcing plaintiff to bring his witnesses and go to trial on this cause

of action, when his real purpose is to have the upper court pass on another question and to avoid a trial unless the upper court sustains his contention above mentioned.

The demurrer to this count will be sustained.