## CIRCUIT COURT OF FAIRFAX COUNTY

Business Data Solutions, Inc.

    v.

ISC Systems Division, Inc.

December 6, 1991

Case No. (Law) 107609

BY JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is whether the property of the defendant ISC Systems Division, Inc. ("ISC") may be attached pursuant to § 8.01–534(1). ISC is incorporated under the laws of the District of Columbia and has its principal place of business in Virginia.

ISC filed a motion to quash plaintiff Business Data Solutions' writ of attachment based on its contention that because the defendant corporation has its principal place of business in Virginia and is subject to the jurisdiction of this Court, it is a resident of Virginia and thus not subject to attachment pursuant to § 8.01–534(1). The plaintiff contends that since the defendant corporation is a foreign corporation, it is subject to attachment regardless of its place of residence.

Section 8.01–534(1) of the Code of Virginia provides in pertinent part that:

> It shall be sufficient grounds for an attachment that the principal defendant or one of the principal defendants:
>
> 1. Is a foreign corporation, or is not a resident of this Commonwealth, and has estate or has debts owing to such defendant within the county or city in which the attachment is, or that such defendant being a nonresident of this Commonwealth, is entitled to the benefit of any lien, legal or equitable, on property real or personal, within the county or city in which the attachment is.

Va. Code Ann. § 8.01–534 (Repl. Vol. 1984).

A foreign corporation, as that term is defined by the cases construing § 8.01–534(1), is a corporation chartered and organized under the laws of another state and holding no charter from Virginia. *Cowardin v. Universal Life Ins. Co.*, 73 Va. (32 Gratt.) 445, 448 (1879); *Cook & Son Mining Co. v. Thompson*, 110 Va. 369, 370–71 (1909). Its status as a foreign corporation is all that is required by the statute to support the issuance of a writ of attachment against its property. *Cowardin*, 32 Gratt. at 447. ("While [a foreign corporation] may, by its agents, transact business anywhere, unless prohibited by its charter or prevented by local laws, it can have no residence or citizenship except where it is located by or under the authority of its charter"); *Cook*, 110 Va. at 370–71; *Dudley v. Chicago*, 52 S.E. 718, 720 (1906); *see also*, 36 Am. Jur. 2d, *Foreign Corporations*, sects. 34–38 (1968).

The fact that the foreign corporation is subject to process in this state is not material or determinative. *Bank of Phoebus v. Byrum*, 110 Va. 708, 710 (1910); *Cowardin*, 32 Gratt. at 447. The primary purpose of pre-judgment attachment statutes in modern times is to insure the collectibility of a judgment, not to acquire personal jurisdiction over the defendant. *Property Research Financial Corp. v. Superior Court for Los Angeles County*, 23 Cal. App. 3d 413, 100 Cal. Rptr. 233, 236 (1972). Thus, the fact that process can or cannot be served upon a defendant is not the test of the right to issue an attachment. *Bank of Phoebus*, 110 Va. at 710 (1910); *Cowardin*, 32 Gratt. at 447.

Therefore, I find that because the defendant corporation was organized under the laws of the District of Columbia, it is a foreign corporation and subject to attachment under § 8.01–534(1) regardless of its place of residence. The defendant's motion to quash the writ of attachment is accordingly denied.