(*) INHAB'TS OF BREWER *versus* INHAB'TS OF LINNAEUS.

A domicile, being once fixed, is deemed to continue until proved to have been actually changed.

The residence of the wife, (her husband being more than twenty-one years of age,) is *prima facie* evidence of his domicile, and in the absence of controlling proof is conclusive.

Absences for longer or shorter periods, for temporary purposes, do not change the domicile.

Thus an enlistment and service for five years in the army, do not necessarily show a change of domicile.

On REPORT from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT for the support of two poor persons, whose settlement was alleged to be in the defendant town, and the question to be settled related wholly to the place of their settlement.

Testimony upon the stand and also several depositions were introduced.

The case was submitted to the Court upon the testimony.

*Fessenden*, for the plaintiffs.

*Cutting* and *Palmer*, for the defendants.

HATHAWAY, J. — Assumpsit for the support of two paupers, the wife and child of Calvin G. Cookson.

By the report of the case and the depositions therein referred to, it appears that Calvin was born in Belmont, Sept. 19, 1821 ; that about two years after his birth, his father abandoned his family and never cared for them since ; that Calvin was provided for by his mother ; that she lived at sundry places, among her relatives, till June, 1836, when she went to Linnaeus and he went with her, and she continued to reside there until April, 1848 ; Calvin resided there with her, excepting one year, till April 15, 1839, when he enlisted as a soldier for five years, and entered the United States' service at the barracks in Houlton. He was married September 21, 1841, and his wife went to Linnaeus and resided there with her husband's mother and brother, on a farm which Calvin and his brother had bargained for and had a bond of in 1840 ; and she continued to reside there constantly, from the time of their marriage till they came to Brewer, excepting that she was with him at Houlton, in one year, from September to May. When he enlisted he left his citizen's clothes at Linnaeus and kept them there, and left two heifers there on his place. He always considered Linnaeus as his home and had no intention of leaving it ; and while at Houlton, where he was stationed till Sept. 12, 1843, he got leave of absence as often as once a month, and went to Linnaeus as to his home, and while there used to work upon his land ; felled trees and hired them felled. His company was ordered to Rhode Island Sept. 12, 1843, and he went with them ; got a furlough Jan. 15, 1844, and returned to Linnaeus, where he continued to reside till he removed to Brewer, April 1, 1848.

The single question presented by the facts in this case is, whether or not Calvin G. Cookson gained a settlement in Linnaeus, before he removed to Brewer with his family. By the sixth mode of gaining a settlement, as provided by statute, c. 32, § 1, a residence of five years together of a person twenty-

one years of age is required. The "residence" required by the statute means the same thing as "having his home" there, *Kennebunk-port* v. *Buxton*, 26 Maine, 67–8, and when the home is once fixed it continues till it is actually changed. Absences, of longer or shorter duration, often occur, and the domicile remains unchanged. Domicile depends on residence and intention. *Wayne* v. *Greene*, 21 Maine, 357. Calvin testified as to his intentions, and his conduct seems to have concurred with his testimony. His situation and conduct are facts in the case. He had no actual home before he enlisted but at Linnaeus. So far as a minor could do it, he manifested the intention of making that his home, by contracting for a farm in 1840. He *continued* to manifest that intention while at Houlton, by working and hiring the labor of others upon it. When he married, his wife lived upon it, and when discharged from the army he returned to it. His wife lived in Linnaeus more than six years after her marriage, and more than five years after her husband was twenty-one years old. The residence of the wife is *prima facie* evidence of the domicile of the husband. *Greene* v. *Windham*, 13 Maine, 225. In the absence of any proof to the contrary, it is conclusive.

The case at bar presents no testimony to control or impair the full effect of the residence of the wife, as evidence of her husband's home. His being in the army, and her being with him at the barracks a few months, had no more effect to prevent his gaining a settlement than any other temporary absence at service would have had. Opinion of the Judges, 1 Metc. 580.

The conclusion is, that Calvin G. Cookson had a residence in Linnaeus, within the meaning of the statute, for five years together, after he was twenty-one years of age, and gained a settlement there, and that his wife and child had a settlement there derived from him, and, as agreed by the parties, a default must be entered.

SHEPLEY, C. J., and TENNEY, RICE and APPLETON, J. J., concurred.