Daniel, J.
delivered the opinion of the court:
It seems to the court, that at the time of the issuing of the subpoena and attachment in this case, the appellee Henry P. Ward was in fact, and in the true sense and meaning of the statutes regulating the subject, not a resident of this state.
It however seems further to the court, that there was no levy of said attachment on any real estate of the said Ward, no such estate being mentioned or described by endorsement on said attachment.
And the court, without deciding whether the certificate of J. P. Riely of the 14th day of March 184-3, of the acknowledgment before him, by the said Ward, of the deed of trust of the same date, was sufficient in law to authorize the recording of said deed, is of opinion, that as the deed aforesaid purports to grant, assign and deliver to the trustees, George W. Ward and C. Lewis Brent, all the estate, property and effects therein intended to be conveyed; and as it appears from the evidence, that the execution of said deed was accompanied or in good faith soon followed by a delivery of the personal property in said deed mentioned, there was a complete and valid transfer of said property to the said George W. Ward and C. Lewis Brent; and that the recording of the deed was in no *449 wise essential to the protection of said property against the demands of creditors who had not acquired liens on the same before said transfer was consummated; and that as by the terms of the deed aforesaid, the payment of all the debts claimed by the appellant against the appellee Henry P. Ward, is expressly provided for, and so there can be no surplus in the hands of the trustees, after satisfying the demands of the creditors therein provided for, in which the appellant could have any interest, (as his own claims would be paid before such surplus could arise,) there was no property of the said Henry P. Ward in the hands of the said trustees liable to the attachment of the appellant.
The court is, however, also further of opinion, that the effort of the appellant to invalidate said transfer on the ground that the deed was not duly recorded, and to subject the property therein mentioned to the payment of his demands in preference to the other creditors therein secured, did not preclude him from a right to demand and have of the trustees his ratable portion of the proceeds of the property in their hands, in accordance with the provisions of said deed.
And the court is further of opinion, that as it is alleged in the bill and proved by an exhibit filed therewith, that the said Henry P. Ward, on the 12th of October 1852, assigned to the appellant certain scrip for five hundred and seventy-four dollars of stock of the Winchester and Potomac railroad company, and also a claim on Alexander Clark, due by note, and secured by a deed of trust on his property, as a security to indemnify the appellant on account of his acceptance of a draft for five hundred dollars, which is one of the debts provided for in the deed of trust of the 14th of March 1853 : And as by the said deed the said Henry P. Ward assigned to the said-trustees all money due him by bonds, notes or otherwise, and all stock that may be held by the said Henry P. Ward in any *450 joint stock company; and as the appellant admitted in his bill that the amount of his claims against the said Henry P. Ward was properly subject to the off-set of a store account, the amount of which was not known, the said trustees, though having in their hands nothing amenable to the attachment, were yet interested as representing the creditors, in seeing to a proper settlement of accounts between the appellant and the said Henry P. Ward, as also to a sale of the stock aforesaid and a collection of the claim on Alexander Clark, and a proper application of the proceeds to the payment of the draft aforesaid.
And the court is therefore also further of opinion, that whilst the Circuit court properly refused to subject the property in the hands of the trustees, to the satisfaction of the claims of the appellant, in preference to the debts of other creditors provided for in the deed of trust, it erred in dismissing the bill, except so much thereof as sought to subject the property of Henry P. Ward in the hands of the trustees, to the attachment. Therefore it is decreed and ordered, that the decree aforesaid, except in the particular just mentioned, be reversed and annulled, and that the appellee Henry P. Ward pay to the appellant his costs, &c. And it is ordered that the cause be remanded to the said Circuit court, in order that the balance due by the said Henry P. Ward to the appellant may be ascertained, and a personal decree rendered therefor; also a decree for the sale of the stock aforesaid in the Winchester and Potomac railroad company, and the application of the proceeds of sale towards the discharge of the appellant’s demand, with liberty to the appellant to amend his bill and make new parties, if so advised, with a view to obtain a decree for the sale of the property mentioned in exhibit No. 3, as conveyed by deed of trust to secure the note therein also mentioned, and for a like application of the proceeds *451 of such sale; and also a decree for the payment by the trustees of the share or portion of the trust fund which may be applicable under the provisions of the deed of trust of the said Henry P. Ward of the 14th day of March 1853, to the residue of the appellant’s demand.
Decree reversed.