# CHARLESTON.

## Lyon v. Vance.

Submitted June 10, 1899—Decided November 11, 1899.

1. Attachment—*Non-Resident.*
     A party, residing in the State of West Virginia, who enters.
     the volunteer service of the United States, and with his regiment
     goes beyond the limits of the State, and remains for some time in
     such service, does not thereby become a nonresident of the State
     within the meaning of the attachment law; and that being the
     ground of attachment against him, a valid attachment cannot on
     that ground be sued out against his property. (p. 782).

2. Nonresident.
     In order that a person may become a nonresident of the State,
     it is necessary that he should leave the State, with the intention
     of remaining absent therefrom. (p. 783).

Error to Circuit Court, Harrison County.

Action by Charles Lyon against Earl Vance, doing business as the Vance Hardware Company. From a judgment abating an attachment, plaintiff brings error.

*Affirmed.*

E. G. Smith, for plaintiff in error.

Davis & Davis, for defendant in error.

English, Judge:

On the 18th day of November, 1898, Charles Lyon instituted an action of assumpsit against Earl Vance, doing business as the Vance Hardware Company, sued out an attachment against him on the ground that he was a nonresident, and proceeded against him by order of publication. The defendant moved to quash the attachment, and also filed a plea in abatement, controverting and denying the existence of the grounds upon which said order was predicated; and the matters of law and fact arising upon said plea were submitted to the court, and, the court having heard the evidence adduced by the plaintiff in support of

said attachment, the defendant moved the court to exclude the same as insufficient, and to abate said attachment, which motion was sustained, and the plaintiff's suit dismissed. From this judgment this writ of error was awarded.

While the plaintiff in error assigns several errors in the proceedings in this case, his counsel, in the brief, appears to waive all other questions, and to rely solely on the contention that the defendant at the time this attachment was sued out was a non-resident of this State, within the meaning of our attachment laws. The facts adduced before the court in support of this position are that the defendant was engaged in the hardware business in the city of Clarksburg, W. Va., and had been so engaged for several years; that he was a single man, and boarded at different places in said town; that on May 13, 1898, he entered the army of the United States as a volunteer for service during the war with Spain, and remained in the service until the company in which he was lieutenant was mustered out of service; that during the time he was in the army his regiment was stationed in the states of Georgia and Tennessee, and he was thus engaged in said military service on the 18th of November, 1898, when the plaintiff, who had served him as clerk in his store, brought said suit against him as a non-resident. Upon the allegation that defendant was then a non-resident the plaintiff seems to rest his claim to the jurisdiction of the court, and his right to sue out an order of attachment, and have the same levied upon the defendant's property. The question as to whether the defendant was a non-resident at that time is raised by the plea in abatement, and the point for our consideration is whether the testimony adduced before the court established this jurisdictional fact. In Shinn on Attachment (volume 1, p. 149 paragraph 91) we find the law thus stated, under the head, "Effect of Temporary Absence": "An indefinite abode, without intention of remaining permanently, does not make residence (citing numerous authorities). * * * One who is beyond the State limits, engaged in actual military service, is neither a non-resident nor an absconding debtor, within the meaning of the attachment law, and is not liable to attachment." In order that a person may become a non-resident, it is necessary that he

should leave the State with the intention of remaining absent therefrom. The only testimony in this case that in any manner indicated such an intention was a casual remark made by the defendant as to his entering the regular army when discharged from the volunteer service. This remark, however, could have no effect upon the question, as our inquiry is as to the status of the party at the time the attachment was sued out. In the case of *Andrew* v. *Mundy*, 36 W. Va. 23, (14 S. E. 414), this Court held that "if a man's family has been removed to this State, or, if, having no family, he has himself removed here and entered into business, and his means and property have been brought here, and he dwells here, and his business engagements in this State are such as to render his stay wholly uncertain and indefinite as to duration, he is not a non-resident of this State, within the purview of the attachment law." In order that a valid attachment may be issued out, one of th facts must exist which would authorize the issuance of the same. In the present case the plaintiff has seen proper to rely solely on the non-residence of the defendant, and, when that fact has been put in issue by the plea the proof, in my opinion, has failed to show him to be a non-resident. In *Haynes* v. *Powell*, 1 Lea, 347, that court held that "a charge of non-residence, removal, or absconding from the State is not supported by the fact that the defendant was beyond the state, as a follower of either cause, during the Civil War, and separated from the place where the court was held by hostile lines of the opposing armies." Jacobs, in his work on the Law of Domicile (section 303, p. 401), says: "Neither the *quasi* national nor the municipal domicile of a person is affected by his enlistment or acceptance of a commission in the military or war-marine service of his country. He does not thereby lose the *quasi* national or municipal domicile which he had when he entered the service, nor does he acquire at the place where he serves," etc. On this point, see, also *Inhabitants of Brewer* v. *Inhabitants of Linnaeus*, 36 Me. 428, and *Crawford* v. *Wilson*, 4 Barb. 504. In the case at bar it is not pretended there was personal service, or such appearance as would dispense with the want thereof; and, in order that the court might have jurisdiction, the plaintiff attempted to sue out an atachment, and sus-

tain it, against the property of the defendant on the ground that he was a non-resident. This jurisdictional fact was put in issue by a plea, and in view of the facts proven, and on application of the law to those facts, my conclusion is that the plaintiff has failed to show that the defendant was a non-resident at the time the attachment was sued out; and, such being the case, the court had no jurisdiction, and committed no error in abating said attachment and dismissing the plaintiff's suit.

*Affirmed.*