# Richmond.

## BANK OF PHOEBUS v. BYRUM.

March 10, 1910.

Absent, Buchanan, J.

1. ATTACHMENTS—*Non-residents—Soldiers in Service—Residents on Land Ceded to United States—Right of State to Serve Process.*— A person born and domiciled in another State, who comes to Fortress Monroe (which is within the territorial limits of this State, but under the exclusive jurisdiction of the United States), for the purpose of enlisting in the army, and enlists and remains an enlisted soldier of the United States, does not thereby acquire a residence in this State so as to defeat the right of a creditor to attach his property in this State on the ground that he is a non-resident. The mere fact that the State has the right to serve process, civil and criminal, in the territory ceded to the United States does not affect the personal status of one resident in such territory. The power to serve process on the defendant is not the test of the right to issue an attachment against him as a non-resident.

2. UNITED STATES—*Ceded Territory—Jurisdiction Over Residents— Service of Process of State.*—The reservation, in the deed of cession of land from this State to the United States, of the right to serve civil and criminal process of the State in the territory ceded does not interfere in any way with the supremacy of the United States over the territory ceded, but is permitted to prevent it from becoming an asylum for fugitives from justice. Such territory is no longer a part of the State, nor subject to the jurisdiction of its courts. Persons residing there are not citizens of Virginia.

Error to a judgment of the Circuit Court of Elizabeth City county in an action of debt with an ancillary attachment. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*W. H. Power* and *Batchelor & Phillips,* for the plaintiff in error.

*Sidney J. Dudley* and *C. Vernon Spratley,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The Bank of Phoebus brought an action of debt against Byrum in the Circuit Court of Elizabeth City county, upon a negotiable note for $589, which was due and payable, and sued out an attachment and served the same upon the Merchants National Bank of Hampton, which had in its possession money belonging to the defendant. The defendant moved the court to quash the attachment on the sole ground that it was sued out on false suggestion; the defendant being a resident of the State of Virginia.

Byrum was born in North Carolina and resided there continuously until 1898, when he came to Fortress Monroe and enlisted as a soldier in the army of the United States, in which service he has continued until the present time. Upon this evidence the court, being of opinion that the defendant was a resident of Virginia, sustained the motion to quash the attachment, and that judgment is before us upon a writ of error.

The territory known as Fortress Monroe was, by act of the General Assembly of Virginia of 1820, and a deed made in pursuance of that act, ceded and conveyed to the United States. It was acquired by the United States for military purposes, and has been and is now held for such uses and purposes.

It is provided by the Code of this State, section 15-a, paragraph 2, that "exclusive jurisdiction in and over any land so acquired by the United States shall be, and the same is hereby, ceded to the United States for all purposes except the service

upon such sites of all civil and criminal process of the courts of this State; but the jurisdiction so ceded shall continue no longer than the said United States shall own such lands."

The fact that process can or cannot be served upon a defendant is not the test of the right to issue an attachment against him as a non-resident.

In Shinn on Attachments, section 103, it is said: "Where one is in fact a non-resident, his property will be liable in a foreign attachment, notwithstanding the fact that the defendant may be in the State at the time it is sued out. Nor will the allegation of non-residence be defeated by the fact that the defendant is personally served. The effect of such personal service will, of course, be to give the court jurisdiction to enter a general judgment and issue an execution, not only against the property attached but generally against the defendant and all of his property." And to the same effect see *Clarke* v. *Ward,* 12 Gratt. 440; *Long* v. *Ryan,* 30 Gratt. 721; *Didier* v. *Patterson,* 93 Va. 541, 25 S. E. 661.

The real question here is whether or not a person born and domiciled in North Carolina, who comes to Fortress Monroe for the purpose of enlisting in the army, enlists and remains an enlisted soldier of the United States, thereby acquires a residence in this Commonwealth so as to defeat the right of a creditor to issue an attachment against him. If the power to serve a process were the test, clearly the reservation made by the State would be sufficient to cover this case, but that reservation of right to serve a process has nothing to do with the personal status of the individual.

In the case of *United States* v. *Cornett,* 2 Mason 60, Mr. Justice Story said: "There is nothing incompatible with the exclusive sovereignty or jurisdiction of one State that it should permit another State in such cases to execute its process within its limits. And a cession of exclusive jurisdiction may well be made with a reservation of a right of this nature, which then operates only as a condition annexed to the cession, and as an

agreement of the new sovereign to permit its free exercise as
*quod hoc,* his own process. This is the light in which clauses
of this nature (which are very frequent in grants made by the
States to the United States) have been received by this court
on various occasions, on which the subject has been heretofore
brought before it for consideration, and it is the same light in
which it has also been received by a very learned State court"—
citing *Commonwealth* v. *Clary,* 8 Mass. 72.

In *Foley* v. *Shriver,* 81 Va. 573, the question was whether
the National Home for Disabled Volunteer Soldiers was sub-
ject to the jurisdiction of the Circuit Court of Elizabeth City
county, and this court said: "In this case the State legisla-
ture having given the required consent, and the United States
having purchased the land in question, the United States have
acquired, under the Federal Constitution, exclusive jurisdic-
tion over the ceded lands, and they are no longer a part of the
State of Virginia, and are not subject to the jurisdiction of the
State courts. Persons residing there are not citizens of Vir-
ginia; the property situated there is not subject to the control
or disposal of any State court; and the Circuit Court of Eliza-
beth City county is without jurisdiction within said territory."

In Jacobs on the Law of Domicile, sec. 303, it is said:
"Neither *quasi* national nor municipal domicile of a person is
affected by his enlistment or acceptance of a commission in the
military or war marine service of his country. He does not
thereby lose the *quasi* national or municipal domicile which he
had when he entered the service, nor does he acquire [one] at
the place where he serves."

In *Lyon* v. *Vance,* 46 W. Va. 781, 34 S. E. 761, where a
resident of the State of West Virginia entered the volunteer
service of the United States, and with his regiment went be-
yond the limits of the State, and remained for some time in
such service, it was held that he did not thereby become a non-
resident of the State, within the meaning of the attachment law;
and, that being the only ground of attachment against him, a

valid attachment could not on that ground be sued out against his property.

In *Ft. Leavenworth R. Co.* v. *Lowe,* 114 U. S. 525, 29 L. Ed. 264, 5 Sup. Ct. 995, the Supreme Court says: "When the title is acquired by purchase by consent of the legislatures of the States, the Federal jurisdiction is exclusive of all State authority. This follows from the declaration of the Constitution that Congress shall have 'like authority' over such places as it has over the district which is the seat of government; that is, the power of 'exclusive legislation in all cases whatsoever.' Broader or clearer language could not be used to exclude all other authority than that of Congress; and that no other authority can be exercised over them has been the uniform opinion of Federal and State tribunals, and of the Attorneys General. The reservation which has usually accompanied the consent of the States that civil and criminal process of the State courts may be served in the places purchased, is not considered as interfering in any respect with the supremacy of the United States over them; but is admitted to prevent them from becoming an asylum for the fugitives from justice."

For the foregoing reasons we are of opinion that the defendant in error did not acquire a residence in the State of Virginia by reason of having enlisted in the army of the United States and resided as such enlisted soldier at Fortress Monroe; that, being a non-resident, his property was subject to attachment; and that the judgment of the circuit court must be reversed.

*Reversed.*