## 𝔖taunton

WESTERN UNION TELEGRAPH COMPANY v. COMMONWEALTH OF VIRGINIA, AT THE RELATION OF THE STATE CORPORATION COMMISSION.

September 11, 1963.

Record No. 5635.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*William H. King* (*Robert H. Patterson, Jr.; McGuire, Woods, King, Gordon & Davis*, on brief), for the appellant.

*D. Gardiner Tyler, Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for the Commonwealth.

Spratley, J., delivered the opinion of the court.

■ The only question properly before us in this proceeding is: Did the failure of Western Union Telegraph Company to file with the State Corporation Commission on or before April 15, 1962, a report showing all real and personal property of every description in this State owned, operated or used by it, as of January 1, 1962, as required by § 58-581, Code of Virginia, 1950, make it liable to the penalty provided in Code, § 58-514?

Western Union Telegraph Company, hereinafter sometimes referred to as Western Union or defendant, is an incorporated telegraph company doing business in Virginia, owning and operating telegraph lines therein.

Code, § 58-581[1] provides that every incorporated telegraph company doing business in Virginia "shall report annually, on the fifteenth day of April," to the State Corporation Commission "all real and personal property of every description in this State, owned, operated or used by it as of the beginning of the first day of January preceding, * * *."

Code, § 58-582 provides that the State Corporation Commission, hereinafter referred to as the Commission "shall assess the value of the property of each such company and assess upon such property the State taxes imposed by law and shall assess the State license tax imposed by law upon every such company."

Code, § 58-584 provides that the Commission shall furnish to the council of every corporation and to the board of supervisors or

---

[1]"§ 58-581.—Each incorporated telegraph and telephone company doing business in this State, owning and operating a telegraph or telephone line in this State, shall report annually, on the fifteenth day of April, to the Commission all real and personal property of every description in this State, owned, operated or used by it as of the beginning of the first day of January preceding, showing particularly, as to property owned by it, in what corporation, county and school district such property is located. Such corporation shall classify in its report all property under the following heads:

"(1) Number of miles of pole line or conduits, * * *;

"(2) Number of miles of pole line or conduits, * * *;

"(3) Number of miles of wire in each city, county, town and school district;

"(4) Real and personal property, including the value of the telephone instruments, switchboards, etc., and the value of telegraph instruments, apparatus, etc., in each city, county, town or school district;

"(5) The gross earnings and receipts in this State for the twelve months ending December thirty-first next preceding.

"The report herein required shall be certified by the oath of the president or other proper officer of the company making the same."

other governing body of every county, and to every city and county commissioner of the revenue of each city and county, wherein any property belonging to any such corporation is situated, a certified copy of the assessment made by the Commission of such company's property, showing "the character of the property, its value and the location for the purposes of local taxation in each city, town, county and school district," so that local levies may be imposed upon the same.

Code, § 58-514 provides that any company failing to make any report required under § 58-581, within the time prescribed "shall be liable to a fine of not less than twenty-five dollars nor more than one hundred dollars for each day such corporation or person may be in default in making such report."

The record shows the following facts and proceedings:

On September 1, 1961, the Director of the Public Utility Section of the Commission wrote a letter to the defendant inquiring if it owned property located "in a military or defense installation" in Loudoun county, Virginia. Defendant replied on September 8, 1961, denying that it owned any property in the said county, except property located in Leesburg, with an assessed value of $523.00.

At a conference between representatives of Western Union and of the Commission held on June 20, 1962, defendant admitted that certain of its properties located on Federal areas within this State had been omitted from its annual reports to the Commission, because it thought such properties were exempt from taxation and should not be disclosed under Federal security regulations. However, it did not file a report of such properties, or list those it claimed to be exempt from taxation.

On June 25, 1962, the Commission issued a rule against the defendant, returnable on September 10, 1962, to show cause, if any it could, why it should not be fined for its failure to make a full report of its property in Virginia on or before April 15, 1962. No answer to the rule was made and no supplemental report was filed.

A hearing was held on the rule on September 10, 1962. Counsel then representing the defendant stated that Western Union took the position that its property located in Virginia on lands owned by the Federal government was not within the State; and that, therefore, there was no requirement for it to be reported. Defendant later reduced this contention, and claimed that only such of its

properties as were located on Federal areas under the exclusive jurisdiction of the United States were exempt from taxation by Virginia. It admitted that when it made its 1962 report to the Commission, it had property located on thirty-one Federal areas, of which seventeen were not under the exclusive jurisdiction of the United States, and the remaining fourteen were thought to be under such exclusive jurisdiction, although there was some doubt as to whether two of them came under that classification. Although it said it was prepared to make a report on the identity of the seventeen locations found not to be under the exclusive Federal jurisdiction, it did not make a report giving that information.

The evidence showed that Western Union had properties of the approximate value of $800,000.00 to $1,000,000.00 located in Loudoun county, which were not included in its annual report for 1962. Except as to defendant's property in Loudoun and Arlington counties, there is no evidence where the remaining portion of its property in Virginia is located, nor any evidence as to the location of the specific Federal areas over which it is claimed the United States has exclusive jurisdiction.

Nevertheless, defendant suggested that the Commission determine which Federal areas upon which its properties were located were under the exclusive jurisdiction of the United States, and which were not. The Commission pointed out that it was without jurisdiction to determine that question. It explained that its duty in this case was confined to the assessment of the value of defendant's property and the assessment of the State taxes and license tax imposed by law, § 58-582; to the furnishing of copies of the assessments of value to the authorities of counties wherein the property was situated; that the assessment of local taxes was the function of local commissioners of the revenue; and that the question whether or not the assessed property was subject to local taxation was for judicial determination by the court having jurisdiction over the area in which the property was located.

The Commission then advised Western Union that "if the information is forthcoming promptly, there might be a compromise;" that the statute fixed the penalty and that it wanted the information to be given promptly for the years 1959, 1960, 1961 and 1962. The information was not furnished.

On appeal, much of the brief of defendant is devoted to the argument that "property located on land owned by, and under the

exclusive jurisdiction of, the Federal government is not subject to taxation by a political subdivision of the Commonwealth."

As we have heretofore pointed out, there is no evidence as to the location of the specific Federal areas over which it is claimed the United States has exclusive jurisdiction. The issue before us is whether defendant reported all of its "real and personal property of every description in this State," as required by § 58-581. It is admitted that such a report was not made. In its brief, defendant "concedes that Western Union's investigation disclosed that the early reports filed by it under § 58-581 were, to a degree, inadequate." This is quite an understatement. The undisputed facts and the admissions of defendant conclusively establish its violation of the statute.

There are some earlier cases in which it is stated that a Federal area over which the United States has exclusive jurisdiction is not within a State. *Foley* v. *Shriver*, (1886) 81 Va. 568; *Western Union Telegraph Company* v. *Chiles*, (1909) 214 U. S. 274, 29 S. Ct. 613, 53 L. ed. 994; *Bank of Phoebus* v. *Byrum*, (1910) 110 Va. 708, 67 S. E. 349, 27 L. R. A. (N. S.) 436, 135 Am. St. Rep. 953.

But under later legislation, 4 U. S. C. A., § 110 (e) and more recent cases, it has been definitely settled that the ownership by the United States of the land within a State does not cause it to cease to be a part of the State, even where the United States has exclusive jurisdiction over such land. *County of Norfolk* v. *City of Portsmouth*, (1947) 186 Va. 1032, 1047, 45 S. E. 2d 136; *Howard* v. *Commissioners of Louisville*, (1953) 344 U. S. 624, 97 L. ed. 617, 73 S. Ct. 465.

Cf. *James* v. *Dravo Contracting Company*, (1937) 302 U. S. 134, 58 S. Ct. 208, 82 L. ed. 155, 114 A. L. R. 318; *Waltrip* v. *Commonwealth*, 189 Va. 365, 53 S. E. 2d 14.

Exclusive jurisdiction once acquired by the United States over Federal areas remains except as modified by statute. United States Constitution, Article 1, Section 8, Clause 17; *Surplus Trading Company* v. *Cook*, 281 U. S. 647, 50 S. Ct. 455, 74 L. ed. 1091; *Howard* v. *Commissioners of Louisville, supra*, 344 U. S. Within this jurisdiction, the right of a State to tax income and certain transactions is granted by 4 U. S. C. A., §§ 105-110, known as the Buck Act. Furthermore, § 110 (e) of that Act reads as follows:

"The term 'Federal area' means any lands or premises held or acquired by or for the use of the United States or any department,

establishment, or agency of the United States; and any Federal area, or any part thereof, which is located within the exterior boundaries of any State, shall be deemed to be a Federal area located within such State. July 30, 1947, c. 389, § 1, 61 Stat. 641."

The question whether a Federal area within a State is subject to exclusive jurisdiction of the United States is complicated and often difficult to decide. A determination depends upon many factors, jurisdiction being subject to the terms, conditions, restrictions, limitations and provisions of the acquisition by the United States, including the consent of the State, (Virginia Code, 1950, § 7-17 to § 7-21, inclusive) and acceptance by the United States. (40 U. S. C. A., § 255.)

Our view with respect to the requirement that the defendant report annually "all real and personal property" owned by it in this State renders it unnecessary for us to express any opinion as to the claimed exemption of some of its property from taxation because of its location. Moreover, the record contains no evidence regarding the specific areas alleged to be under exclusive Federal jurisdiction, nor how such jurisdiction was acquired by the United States. It was the duty of the defendant to file the report required by § 58-581. All relative information was within its knowledge. Without the information the Commission could not perform its duties.

■ We find no merit in the contention that the Commission "arbitrarily" fixed the amount of the fine at a "harsh and unjustified amount, and its judgment should be set aside" or, in the alternative, the proceeding be remanded for reconsideration, in the light of additional evidence and the right of Western Union not to disclose its properties situated at locations over which the Federal government has exclusive jurisdiction.

No additional evidence was produced. Defendant had ample opportunity to present the information in its possession to the Commission. Its continued default, under the circumstances stated, constituted an aggravation of its offense.

The fine was fixed within the limits specified by the legislature in § 58-514. The quantum thereof was for the Commission to determine, according to the degree of default and the object designed to be accomplished. The regulation of the amount of the fine to be imposed for an offense belongs to the legislature. The question as to the amount to be imposed within the limits of the statute is a

judicial one. *Jones* v. *Commonwealth*, 1 Call (5 Va.) 555; *Southern Express Company* v. *Walker*, 92 Va. 59, 66, 67, 22 S. E. 809, 41 L. R. A. 436, affirmed in 168 U. S. 705, 18 S. Ct. 947, 42 L. ed. 1212.

We find no error in the proceeding, and for the reasons stated, the judgment of the Commission is affirmed.

*Affirmed.*