COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, O'Brien and AtLee
Argued at Fredericksburg, Virginia

AMERICA TRANSPORTATION

v.      Record No. 0696-18-4

CLAUDE J. MAILLOUX

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
OCTOBER 9, 2018

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

George R. A. Doumar (Doumar Martin, PLLC, on brief), for
appellant.

No brief or argument for appellee.

America Transportation ("employer") appeals a decision of the Workers' Compensation

Commission ("the Commission") imposing a $25,000 fine against employer for its failure to

maintain workers' compensation insurance coverage. Finding no error, we affirm.

Employer owns and operates a business providing private transportation to events by

coaches, party buses, and small buses. In March 2014, it employed three or four drivers. On March

23, Claude J. Mailloux, a full-time employee, was seriously injured in an accident while driving one

of employer's buses and filed a claim for medical and temporary total disability benefits.

The Commission issued a show cause order against employer for failure to maintain

workers' compensation insurance, as required by Code § 65.2-800. Following a hearing, a deputy

commissioner determined that employer did not have insurance on the date of the accident and did

not obtain coverage until April 2017. The deputy commissioner imposed a $25,000 fine. Employer

appealed to the Commission, which affirmed the fine.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Pursuant to the Workers' Compensation Act, employers and employees are "conclusively presumed to have accepted the provisions of [the Act]." Code § 65.2-300(A). Code § 65.2-800 requires every employer subject to the Act to have workers' compensation insurance, and Code § 65.2-804(A) instructs employers to provide proof of that insurance to the Commission "annually or as often as may be necessary." Code § 65.2-805 provides that employers who fail to comply with Code §§ 65.2-800 or -804 "shall be assessed a civil penalty of not more than $250 per day for each day of noncompliance, subject to a maximum penalty of $50,000." The civil penalty assessed pursuant to this section is divided equally between and paid into the Commission's administrative fund and the Uninsured Employer's Fund. Code § 65.2-805(D).

Employer does not assign error to the Commission's finding, but contends that the fine imposed was "burdensome, excessive and in violation of public policy."[1] We review this matter for an abuse of discretion. See Cura Grp., Inc. v. Va. Workers' Comp. Comm'n, 45 Va. App. 559, 565, 612 S.E.2d 735, 738 (2005) (finding that "the degree of punishment . . . lies in the discretion of the [Workers' Compensation Commission]" for violations of a show cause order). Cf. Scott v. Commonwealth, 58 Va. App. 35, 46, 707 S.E.2d 17, 23 (2011) (holding that a trial court's sentence is reviewed for abuse of discretion and will not be overturned "so long as it 'was within the range set by the legislature'" (quoting Jett v. Commonwealth, 34 Va. App. 252, 256, 540 S.E.2d 511, 513 (2001))).

---

[1] Following oral argument, employer filed a "Motion to Supplement Record" attaching a document purporting to show that employer had workers' compensation insurance in Maryland at some point before the accident. In this filing, employer also presented a new legal argument concerning the amount of the fine to be imposed under Code § 65.2-805. We decline to consider either the document or the new argument because employer failed to preserve these issues with the deputy commissioner or the Commission, and failed to invoke any exception to the contemporaneous objection rule. See Rule 5A:18 (providing that "[n]o ruling of . . . the Virginia Workers' Compensation Commission will be considered as a basis of reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice").

The $25,000 fine imposed by the deputy commissioner and affirmed by the Commission was below the statutory maximum set by Code § 65.2-805. Employer asserts that he did not believe he was required to have workers' compensation insurance "due to the small size of his company." However, the Commission noted that "[t]he [d]eputy [c]ommissioner did not find credible the employer's testimony that he did not believe he was required to have coverage."

Although "[t]he regulation of the amount of the fine to be imposed for an offense belongs to the legislature[,] . . . [t]he question as to the amount to be imposed within the limits of the statute is a judicial one." Western Union Tel. Co. v. Commonwealth, 204 Va. 421, 426-27, 132 S.E.2d 407, 411 (1963). The Commission has the discretion to determine the amount of the fine "according to the degree of default and the object designed to be accomplished." Id. at 426, 132 S.E.2d at 411. See also Dep't of Prof'l & Occupational Regulation v. Abateco Servs., 33 Va. App. 473, 483, 534 S.E.2d 352, 357 (2000) (rejecting claim that multiple civil penalties were unconstitutionally excessive where total was "well below the maximum amount authorized by the General Assembly"), aff'd upon reh'g en banc, 35 Va. App. 644, 547 S.E.2d 529 (2001). Considering that the amount of the fine was below the statutory maximum, under the facts of this case and the statutory objective of the civil penalty, we find that the Commission did not abuse its discretion by fining employer $25,000.

Therefore, the judgment of the Commission is affirmed.

Affirmed.